NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190400-U

NO. 4-19-0400

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 7, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| Lisa M. Merreighn, | ) | Circuit Court of |
|     Petitioner-Appellant, | ) | Logan County |
|     and | ) | No. 17D69 |
| Joshua Merreighn, | ) | |
|     Respondent-Appellee. | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the trial court did not abuse its discretion in awarding maintenance in an amount at variance with the statutory amount.

¶ 2    Petitioner, Lisa M. Merreighn, appeals from the trial court's order, which was part of a bifurcated judgment of dissolution of marriage, requiring respondent, Joshua Merreighn, to pay her annual maintenance in an amount less than the statutory amount of maintenance. The trial court based its decision to deviate downward from the statutory amount on "the large amount of marital debt," 79% of which had been assigned to Joshua. On appeal, Lisa argues the court erred in deviating from the statutory amount of maintenance because Joshua had not been paying any of the marital debts for two years and he intended to discharge as much of his debt as possible through Chapter 7 bankruptcy proceedings. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Lisa and Joshua were married in Logan County in 1999. On July 10, 2017, Lisa

filed a petition for dissolution of marriage, which included a request for maintenance. In April

2019, the trial court conducted a hearing on all remaining financial issues related to the

dissolution, including maintenance. At that hearing, Joshua testified that he had not been paying

any of the marital debts "since April of 2017." Joshua further testified that he "planned on

looking into [bankruptcy] to see if that's an option." Ultimately, the trial court found that

awarding the statutory amount of maintenance—$16,850, paid annually for 14.06 years—would

be inappropriate and chose instead to award Lisa $8400 annual maintenance for 14.06 years. The

court provided the following explanation in its written order:

> "The Court's deviation [from the statutory guidelines] is based on
>
> the large of amount [*sic*] of marital debt. The total marital debt
>
> amounts to $81,062.73. Relative to the income of [Lisa and
>
> Joshua], this debt is almost insurmountable. Both parties testified
>
> that they could not afford to make monthly payments on all the
>
> debt and further testified that many debt obligations were not being
>
> paid at all. It is worth noting that the total marital assets are valued
>
> at $163,470.45 and most of those marital assets are retirement
>
> accounts and not liquid. This effect of this order awards [Joshua]
>
> 53% of the marital assets but also assigns [him] 79% of the marital
>
> debt. Given this large debt to income ratio, the Court is deviating
>
> from the statutory guidelines ***."

¶ 5          This appeal followed.

¶ 6                                   II. ANALYSIS

¶ 7            Lisa argues that the trial court erred by deviating downward from the statutory

amount of maintenance. She argues the court's rationale for doing so—because it had

apportioned the majority of the marital debt to Joshua—was flawed because Joshua had not been

paying on the debt for approximately two years and he intended to discharge the debt in

bankruptcy.

¶ 8            We will not disturb a maintenance award on appeal unless it reflects an abuse of

discretion, which occurs "only where no reasonable person would take the view adopted by the

trial court." *In re Marriage of Schneider*, 214 Ill. 2d 152, 173, 824 N.E.2d 177, 189 (2005).

¶ 9            The procedure for awarding maintenance is governed by section 504 of the

Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/504 (West 2016)). Section 504

provides that the trial court must "first make a finding as to whether a maintenance award is

appropriate, after consideration of all relevant factors," including 14 specific factors enumerated

in the statute. *Id.* § 504(a). If the court finds maintenance is appropriate, it shall award

maintenance in accordance with the statutory guidelines, "unless the court makes a finding that

the application of the guidelines would be inappropriate." *Id.* § 504(b-1)(1). If the court finds that

an application of the guidelines would be inappropriate, "it shall state in its findings the amount

of maintenance (if determinable) or duration that would have been required under the guidelines

and the reasoning for any variance from the guidelines." *Id.* § 504(b-2)(2).

¶ 10           Here, the trial court found that the amount of maintenance under the statutory

guidelines would have been $16,850, paid annually for 14.06 years. Lisa does not dispute the

court's calculation of the statutory annual maintenance amount. The court then determined that

awarding maintenance in this amount would be inappropriate because of "the large amount of

marital debt" apportioned to Joshua. The court reasoned that Joshua should not be required to pay the statutory amount of maintenance in light of the "large debt-to-income ratio" resulting where Joshua had been awarded 53% of the marital assets but assigned 79% of the marital debt. Thus, the court determined it would award Lisa $8400 annual maintenance for 14.06 years.

¶ 11 Relying on *In re Marriage of Underwood*, 314 Ill. App. 3d 325, 731 N.E.2d 1003 (2000), Lisa argues that "the assignment of the majority of the debt to Josh should not have been a justification to deviate from the statutory amount of maintenance" because Joshua had not been paying those debts and he intended to discharge them through bankruptcy. We find Lisa's reliance on *Underwood* misplaced. Contrary to her suggestion, *Underwood* does not stand for the proposition that a maintenance award must take into account the amount of debt that a party intends to discharge through bankruptcy; instead, the *Underwood* court merely held that it was not an abuse of discretion to do so. *Id.* at 329. Additionally, the facts of that case are distinguishable from the instant case. There, the former husband who had been ordered to pay maintenance "had retained an attorney and paid a $600 fee for the purpose of filing a chapter 7 bankruptcy proceeding." *Id.* at 327.

¶ 12 Here, unlike in *Underwood*, Joshua merely testified that he "planned on looking into [bankruptcy] to see if that's an option." However, until Joshua actually files for bankruptcy—if he ever does—he remains liable to pay the marital debts even though he has not been paying them. We find it was not an abuse of discretion for the trial court to base its decision to deviate downward from the statutory guidelines in its award of maintenance based on its prior allocation of marital debt. As the court noted, Lisa can request a modification of the maintenance award if Joshua ever does discharge his debts through bankruptcy.

¶ 13 III. CONCLUSION

¶ 14        For the reasons stated, we affirm the trial court's judgment.

¶ 15        Affirmed.